UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

October 29, 2021

Vincent J. Piazza, Esq.
The Disability Law Center of Robert S. Piazza, Jr.
6716 Harford Road
Baltimore, MD 21234

Jay C. Hinsley, Esq.
Social Security Administration
Altmeyer Building, Room 617
6401 Security Blvd.
Baltimore, MD 21235

Subject: Carolyn F. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-20-3615

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 3, 5), are plaintiff's Motion for Summary Judgment ("plaintiff's Motion") (ECF No. 13) and defendant's Motion for Summary Judgment ("defendant's Motion") (ECF No. 14). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, plaintiff's Motion (ECF No. 13) is denied and defendant's Motion (ECF No. 14) is granted.

## I. Background

On March 7, 2018, plaintiff filed a Title XVI application for supplemental security income, alleging disability beginning on June 17, 2016. (R. at 182-88). Plaintiff later amended her alleged onset of disability to February 21, 2018. (R. at 225). Her claim was initially denied on June 26, 2018 (R. at 107), and on reconsideration on November 8, 2018 (R. at 121-23). After a hearing held on December 17, 2019, an Administrative Law Judge ("ALJ") issued a decision on March 26, 2020, denying benefits based on a determination that plaintiff was not disabled. (R. at 9-27). The Appeals Council denied plaintiff's request for review on November 16, 2020, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1-6). Plaintiff challenges the Commissioner's decision on the grounds that the ALJ failed to properly evaluate whether plaintiff had a severe impairment at step two.

## II. Discussion

Plaintiff argues that the ALJ erred at step two in three ways: 1) failing to indicate the weight assigned to the medical opinions of record; 2) improperly considering a previous ALJ decision; and 3) failing to find that plaintiff had a severe impairment. (ECF No. 14-1 at 8-16).

Carolyn F. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-20-3615
October 29, 2021
Page 2

First, plaintiff argues that the ALJ did not properly assign weight to each of the medical opinions in plaintiff's records. (ECF No. 13-1 at 8-11). For claims filed after March 27, 2017, such as plaintiff's claim in this case, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled. See 20 C.F.R. § 416.920c. The ALJ "considers medical opinions using five factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) the medical source's specialization; and (5) other factors, such as the medical source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements. The first two factors, supportability and consistency, are the most important in determining the persuasiveness of a medical source's opinion, and the [ALJ] is not required to explain the consideration of the other three factors." Leonard Marcus H. v. Saul, No, TMD-19-3465, 2021 WL 1087081, at *5 (D. Md. Mar. 22, 2021) (citing 20 C.F.R. § 416.920c(b)(2), (c)). "Supportability generally refers to 'the objective medical evidence and supporting explanations provided by a medical source.' Consistency generally refers to the consistency between the opinion and 'the evidence from other medical sources and nonmedical sources in the claim.'" Lavinia R. v. Saul, No. SAG-20-1083, 2021 WL 2661509, at *2 (D. Md. June 29, 2021) (citing 20 C.F.R. § 416.920c(c)(1) Id. §§ 404.1520c(c)(1), (c)(2)).

Here, the ALJ reviewed the medical opinions of record, found them to be unpersuasive, and explained the reasoning behind this determination. (R. at 18-21). For each of the medical opinions, the ALJ discussed why the opinions were neither supported by the medical record nor consistent with treatment records. For example, the ALJ found the state agency medical consultants' opinions were unpersuasive because they relied on evidence that predated plaintiff's application for benefits, they were not supported by more recent medical records since plaintiff's application that indicated "an echocardiogram within normal limits, normal blood pressure, and normal examinations," and they were not consistent with "evidence received at the hearing level [which] continues to show that [plaintiff's] blood pressure is well controlled, she has had no bleeding since her embolization, and she only has transient complaints of pain in different areas of her body that do not last the requisite 12 months." (R. at 18-19). Therefore, the ALJ properly followed the procedure set out in 20 C.F.R. § 416.920c, and remand is not warranted on this issue.

Second, plaintiff argues that the ALJ did not properly consider the previous hearing decision as required by Acquiescence Ruling ("AR") 00-1(4). (ECF No. 13-1 at 11-13). "AR 00-1(4) requires an ALJ to consider and weigh any prior ALJ decisions. In the Fourth Circuit case related to AR 00-1(4), Albright v. Comm'r, Soc. Sec. Admin., 174 F.3d 473, 476 (4th Cir. 1999), the Court explained that SSA should consider prior findings made in a claimant's earlier application, but should not reflexively adopt those earlier findings so as to 'mechanistically merge two claims into one.' The Fourth Circuit clarified that its earlier decision in Lively v. Sec'y of Health & Human Servs, 820 F.2d 1391 (4th Cir. 1987), was 'best understood as a practical illustration of the substantial evidence rule,' rather than a direct application of the doctrine of claim preclusion or res judicata." Troy B. v. Comm'r, Soc. Sec. Admin., No. DLB-19-325, 2019 WL 6684498, at *4 (D. Md. Dec. 6, 2019) (quoting Albright, 174 F.3d at 477).

In this case, the ALJ discussed a prior ALJ decision dated November 4, 2015, in which plaintiff was determined to be "disabled during a closed period from July 1, 2013 through July 30,

<u>Carolyn F. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration</u>
Civil No.: BPG-20-3615
October 29, 2021
Page 3

2014" primarily due to plaintiff's uterine fibroids. (R. at 20). The ALJ determined that this opinion was well supported at the time but was no longer persuasive because plaintiff "underwent a surgical procedure in April 2014 for this impairment and acknowledged improvement in her symptoms" and, therefore, the more recent evidence "demonstrates improvement in [plaintiff's] fibroid-related symptoms to the point that it is no longer a severe impairment." (<u>Id.</u>) Therefore, the ALJ properly considered the prior finding of disability in plaintiff's case, but determined it was no longer applicable due to plaintiff's current condition. Accordingly, remand is not warranted on this issue.

Third, plaintiff argues that the ALJ erred in finding that plaintiff's mental impairments were not severe. (ECF No. 13-1 at 14-16). At step two of the sequential analysis, the ALJ must determine whether plaintiff has "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). "[I]n order for an impairment to satisfy [s]tep [t]wo, it must: (1) be severe—cause a significant limitation to [plaintiff's] ability to do basic work activities, (2) be medically determinable, and (3) meet the durational requirement—have lasted or be expected to last for 12 months." <u>Stitely v. Comm'r, Soc. Sec. Admin.</u>, No. SAG-14-144, 2014 WL 5834700, at *3 (D. Md. Nov. 10, 2014) (citing 20 C.F.R. §§ 416.909, 416.921); <u>see also</u> 20 C.F.R. § 416.922. Plaintiff bears the burden of proving that their impairment is severe. <u>Charlene W. v. Saul</u>, No. DLB-19-3441, 2021 WL 1224060, at *2 (D. Md. Mar. 31, 2021) (quoting <u>Pass v. Chater</u>, 65 F.3d 1200, 1203 (4th Cir. 1995) ("It is well-established that '[t]he applicant bears the burden of production and proof during the first four steps' of the sequential evaluation process.").

Here, the ALJ determined that plaintiff had several medically determinable impairments, but found that none of them either singly or in combination "has significantly limited (or is expected to significantly limit) [plaintiff's] ability to perform basic work-related activities for 12 consecutive months." (R. at 15). Plaintiff argues that the ALJ should have found plaintiff's mental impairments, specifically depression, anxiety, panic disorder, agoraphobia, and dysthymic disorder, to be severe. (ECF No. 13-1 at 14-16). The ALJ considered these impairments, but ultimately determined they were not severe because plaintiff did not have more than a mild limitation in each of the "four broad functional areas . . . known as the 'paragraph B' criteria." (R. at 17). The ALJ discussed each of the four functional areas and explained why plaintiff's medical records indicated she had no more than a mild limitation, specifically noting that plaintiff was "consistently noted to be fully oriented," fair eye contact, intact concentration, and intact judgment and insight. (R. at 17-18). Plaintiff maintains that plaintiff's treating physician, Dr. Quintero-Howard, opined that plaintiff had marked limitations in all four of the functional areas, "would miss 30 days of work per year, and would be off-task at least 20% of the workday." (ECF No. 13-1 at 14-15). The ALJ found, however, that Dr. Quintero-Howard's assessment was not supported by her own treatment records for plaintiff, in which plaintiff was "fully oriented, calm, and logical." (R. at 21). Plaintiff additionally points to the fact that the state agency psychological consultants determined that plaintiff had severe mental impairments. (ECF No. 13-1 at 15-16). Yet, the ALJ explained that these opinions were unpersuasive because they were not supported by plaintiff's medical records. (R. at 19-20).

Carolyn F. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-20-3615
October 29, 2021
Page 4

"Ultimately, [the court's] review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied."  Eston S. v. Comm'r, Soc. Sec. Admin., No. SAG-20-3131, 2021 WL 4311514, at *3 (D. Md. Sept. 22, 2021) (citing Richardson v. Perales, 402 U.S. 389, 390, 4040 (1971)).  Based on the above, the undersigned concludes that the ALJ's determination at step two of the sequential evaluation was supported by substantial evidence.  Therefore, remand is not warranted.

### III.   Conclusion

For the reasons stated above, plaintiff's Motion (ECF No. 13) is DENIED and defendant's Motion (ECF No. 14) is GRANTED.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

Very truly yours,

/s/
Beth P. Gesner
Chief United States Magistrate Judge